A. C. SANDERS v. J. A. NORRIS.

*Practice—Appeal—Certiorari.*

Where one loses his right of appeal and fails to apply for a *certiorari* in apt time, but by no neglect of his own, as is shown by the circumstances in this case, and an execution issues upon the judgment obtained against him, *it was held* that his petition for a *certiorari* may be filed and the adverse party notified to show cause why it shall not be granted; and that the sheriff be restrained from proceeding under the execution until the further order of this court.

PETITION for *Certiorari* heard at January Term, 1880, of THE SUPREME COURT.

*Mr. W. H. Pace,* for defendant petitioner.

DILLARD, J. On the petition of defendant for a writ of *certiorari* as a substitute for an appeal, and restraint of the sheriff from acting under an execution now in his hands, the following facts appear: ·

The action was begun in a justice's court, and brought by appeal to the superior court of Wake county, in which latter court a trial was had and judgment obtained against the defendant at the January term, 1879. On the rendition of the judgment, the defendant caused entry of appeal to be made; and notice of appeal was waived and bond executed as required by law for costs of the appeal and for the stay of execution by securing the debt ascertained by the judgment recovered. A statement of a case of appeal was made out by defendant and served on plaintiff's counsel within the time required, and the plaintiff having returned the same with a counter-statement, the judge of the court appointed the 15th day of February to settle the case for the supreme court, and since then the following entries appear

of record in the cause, to-wit: At February term—"Continued, Seymour, Judge, has the papers." At August term —"Continued, appeal not perfected by statement of case, carried to judgment docket No. 58, page 63, execution issued September 29th, 1879."

Besides these facts, the petitioner sets forth that he has repeatedly applied to the judge to make out the case and received for answer that he had mislaid the papers and was unable to settle the case; and that execution is now in the hands of the sheriff of Wake, and he is about to sell and will sell defendant's property under its command, unless he is restrained until he can have his case brought up and heard by the writ of *certiorari* now prayed for.

The defendant had the right to appeal from the judgment recovered against him, and assuming the facts to be true as stated in the petition, he did everything required of him to perfect his appeal, and has lost the benefit thereof by the accident of the mislaying of the papers by the judge. The apparent laches, in not applying for the writ of *certiorari* at June term last of this court, appears to be explained by the continuances and entries of record at the June and August terms of the superior court, from which it may be inferred that it was reasonably expected His Honor would find the papers and be able to make out and settle a case of appeal for this court.

Without passing on the truth of the facts stated in the petition, but taking them to be true for the present purpose, we are of opinion and so decide, that the petition of the defendant may be filed, and an order will be issued to be served on the plaintiff and the sheriff of Wake county, commanding the plaintiff to show cause, if any he have, against the grant of the writ of *certiorari* as prayed for, before this court on the 28th day of the present month (February) and restraining them, the plaintiff and the sheriff, from any sale or other proceeding under the execution now

in the hands of the sheriff, issued on the judgment recovered by the plaintiff against the defendant at January term, 1879, of the superior court of Wake county, until the further order of this court.

PER CURIAM.                 Order accordingly.